UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RASHAD D. BESSENT,

     Plaintiff,

v.                                                                   Case No. 8:22-cv-1865-KKM-CPT

JOSEPH R. BIDEN, JR., et al.,

     Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Before me on referral is Plaintiff Rashad D. Bessent's motion to proceed *in forma pauperis* (IFP Motion) (Doc. 3) and accompanying affidavit (Doc. 4). Also before me is Bessent's complaint with attached exhibits. (Docs. 1, 1-1). For the reasons discussed below, I respectfully recommend that Bessent's IFP Motion be denied without prejudice and that his complaint be dismissed without prejudice.

I.

Although difficult to decipher, Bessent's complaint appears to relate to his prior arrest by the Desoto County Sheriff's Department.[1] (Doc. 1). Based upon the circumstances allegedly surrounding this incident, Bessent asserts claims against the

---

[1] While Bessent avers that his arrest occurred on September 15, 2022, this date is after he initiated this action and thus appears to be a scrivener's error.

President of the United States and numerous other Defendants for, *inter alia*, theft, extortion, false arrest, assault and battery, and denial of due process. *Id*. For relief, Bessent seeks $10,500,000 in damages. *Id*.

In support of his claim of indigency, Bessent includes with both his IFP Motion and his affidavit a 2021 nonemployee compensation form that purports he paid $500 to the Clerk of Court. (Doc. 3-2).[2] No other financial data is provided in these submissions, however.

## II.

Under 28 U.S.C. § 1915, a district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" upon a showing of indigency by affidavit. 28 U.S.C. § 1915(a)(1). The court has "wide discretion" to grant or deny an application to proceed *in forma pauperis*, and—in civil cases for damages—the privilege should be granted "sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004) (per curiam) (citation omitted). While such an application "need not show that the litigant is absolutely destitute," it must indicate "that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* at 1307 (citation omitted). In determining whether a litigant is indigent, "courts will generally look to whether [he] is employed, [his] annual salary, and any other property or assets [he]

---

[2] The docket does not evidence that Bessent made any payment to the Clerk of Court in connection with this action.

may possess." *Lesure v. Saul*, 2021 WL 2003458, at *1 (M.D. Fla. Mar. 31, 2021) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2021 WL 2003073 (M.D. Fla. May 19, 2021).

When an application to proceed *in forma pauperis* is filed, the district court must also review the case and dismiss the complaint *sua sponte* if it concludes that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or requests monetary damages against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Bravo v. Loor-Tuarez*, 727 F. App'x 572, 575 (11th Cir. 2018) (per curiam) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).[3]  As such, "[t]o avoid dismissal, the 'complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face.'"  *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A complaint crosses this threshold when it avers adequate facts to support a reasonable inference that a defendant engaged in the alleged misconduct.  *Id.*

In evaluating a complaint under this standard, a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff.  *Jara v. Nunez*, 878 F.3d 1268, 1271–72 (11th Cir. 2018) (citation omitted).  A

---

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

court, however, may not "afford [any] presumption of truth to legal conclusions and recitations of the basic elements of a cause of action." *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam).

Finally, while *pro se* pleadings are to be construed liberally, the courts are not to "act as *de facto* counsel" for *pro se* litigants, nor are they to "rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

III.

I begin with Bessent's IFP Motion and attendant affidavit, which I find to be lacking. In short, Bessent does not provide any meaningful information in these filings that would allow the Court to reach an informed decision about his ability to pay the fees and costs required to commence this lawsuit without causing him undue hardship. As such, his IFP Motion fails.

Regardless of whether Bessent qualifies as indigent, his complaint is infirm because, at a minimum, it fails to satisfy the notice pleading standards set forth in Rules 8 and 10. Rule 8 establishes "[t]he bare minimum a plaintiff must set forth in the complaint." *McCurry v. Metro. Life Ins. Co.*, 208 F. Supp. 3d 1251, 1255 (M.D. Fla. 2016). It directs, in relevant part, that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10 relatedly mandates that the complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that

4

"each claim founded on a separate transaction or occurrence . . . be stated in a separate count" to the extent doing so "would promote clarity." Fed. R. Civ. P. 10(b). As the Eleventh Circuit has explained, Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so that a] court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). Complaints that run afoul of these requirements are sometimes referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015); *see also Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (deeming a complaint that violates Rules 8 and 10 to be shotgun pleading) (citation omitted); *Cardinal v. Haines City, Fla.*, 2021 WL 3418814, at *1 (M.D. Fla. Aug. 5, 2021) (same) (citations omitted).

Bessent's complaint does not meet the strictures imposed by Rules 8 and 10 and thus constitutes a shotgun pleading. Far from the "short and plain statement" demanded by Rule 8, Bessent's complaint totals well over one hundred pages (including exhibits), can be fairly characterized as fragmented and incoherent, and leaves the reader "guess[ing] at precisely what [he is] claiming." *Holbrook v. Castle Key Ins. Co.*, 405 F. App'x 459, 460 (11th Cir. 2010) (per curiam) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128 (11th Cir. 2001)).

Compounding these problems is the fact that none of the averments scattered throughout Bessent's broad and meandering pleading are clearly and distinctly set

forth in the manner prescribed by Rule 10.  Fed. R. Civ. P. 10(b); *Weiland*, 792 F.3d at 1322.  As a result, it is not evident which of his factual assertions pertain to which of his claims.  *Twombly*, 550 U.S. at 555 n.3; *Anderson v. Dist. Bd. of Trs.*, 77 F.3d 364, 366 (11th Cir. 1996) (recognizing that a hallmark of an improperly pleaded complaint is when "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief").

Taken singularly or in combination, these pleading infirmities deprive both the Defendants and the Court of "fair notice" regarding the nature of the claims brought against the Defendants and the bases upon which they are predicated.  *Twombly*, 550 U.S. at 555 n.3; *see also Weiland*, 792 F.3d at 1323 (observing that the "[t]he unifying characteristic" of complaints that fail to adhere to the requirements of Rules 8 and/or 10 "is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests"); *Curry*, 738 F.3d at 1250 ("It is important that defendants be apprised of the conduct that forms the basis of the charges against them.").  These deficiencies alone render Bessent's complaint subject to dismissal.  *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[W]e have condemned shotgun pleadings time and again, and this is why we have repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone.").  The fact that Bessent is proceeding *pro se* does not excuse his failure to comply with the basic pleading requirements set forth in Rules 8 and 10.  *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation

6

should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curium) (noting that while "[a] *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney[,] . . . [it] must still suggest that there is at least some factual support for a claim") (citation omitted).

Notwithstanding the issues with Bessent's complaint and despite my reservations about his ability to state a cognizable claim, I believe it is appropriate to permit him an opportunity to amend his complaint, especially since he is proceeding *pro se*.[4]  *Walters v. Secretary, Fla. Dep't of Corrections*, 743 F. App'x 401, 402 (11th Cir. 2018) (per curiam) ("To the extent the district court dismissed [the plaintiff's] complaint as a shotgun pleading, the court ought to have given him the opportunity to replead, with instructions.").

That said, I encourage Bessent to take advantage of the legal assistance available to *pro se* parties.   Bessent may obtain advice, for example, through the "Legal Information Program," in which the Tampa Bay Chapter of the Federal Bar Association offers unrepresented federal court litigants the chance to solicit and obtain free, limited guidance from attorneys on the procedures governing federal cases.

In addition, Bessent may visit the Middle District of Florida's resources for individuals without counsel, which include a "Guide for Proceeding Without a

---

[4] Prior to filing this lawsuit, Bessent filed a shorter complaint in another case against many of the same defendants. *See Bessent v. Biden et al.*, No. 2:22-cv-366-JLB-NPM, (Doc. 1) (M.D. Fla. June 13, 2022). That earlier action was dismissed without prejudice because the complaint filed in the matter was likewise "incomprehensible." *Id.* at (Doc. 3) (M.D. Fla. June 27, 2022).

Lawyer." The Court's website also includes helpful links to both the Federal Rules of Civil Procedure and various forms for litigants to use.

IV.

For the reasons set forth above, I recommend that the Court:

1.      Deny Bessent's IFP Motion (Doc. 3) without prejudice;

2.      Dismiss Bessent's complaint (Doc. 1) with leave to amend;

3.      Grant Bessent permission to file, within thirty (30) days of the Court's Order, an amended complaint that complies with the pleading requirements discussed herein and that asserts one or more cognizable causes of action; and

4.      Caution Bessent that a failure to comply with these directives may result in the dismissal of his case without further notice.

Respectfully submitted this 29th day of December 2022.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal

conclusion(s) the District Judge adopts from the Report and Recommendation. *See*

11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Kathryn Kimball Mizelle, United States District Judge
*Pro se* Plaintiff