UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RASHAD D. BESSENT,

    Plaintiff,

v.                                     Case No. 8:22-cv-1865-KKM-CPT

JOSEPH R. BIDEN, JR., et al.,

    Defendants.

## ORDER

On December 29, 2022, the United States Magistrate Judge entered a Report and Recommendation, recommending that Plaintiff Rashad Bessent's Motion to Proceed In Forma Pauperis (Doc. 3) be denied and his complaint (Doc. 1) be dismissed for a variety of reasons. (Doc. 5.) The fourteen-day deadline, and an additional three days as required under Federal Rule of Civil Procedure 6(d), for Bessent to object to the Magistrate Judge's Report and Recommendation has passed without him lodging an objection. Considering the record, the Court adopts the Report and Recommendation for the reasons stated therein (Doc. 5); denies Bessent's Motion to Proceed In Forma Pauperis (Doc. 3); and dismisses Bessent's complaint (Doc. 1).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

In the absence of any objection and after reviewing the factual allegations and legal conclusions, the Court adopts the Report and Recommendation. Bessent's complaint does not meet the pleading requirements of Federal Rules of Civil Procedure 8 and 10 because it is a shotgun pleading in multiple respects. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). Bessent's complaint, which spans over one hundred pages, is "vague" and "conclusory." *Id.* He also fails to meaningfully "specify[] which of the defendants the claim is brought against." *Id.* at 1323. And, as the Magistrate Judge notes, Bessent's complaint fails to provide defendants with fair notice of the claims against them because it is so "fragmented and incoherent" that it necessarily "leaves the

reader 'guess[ing] at precisely what [he is] claiming.' " (Doc. 5 at 5 (quoting *Holbrook v. Castle Key Ins. Co.*, 405 F. App'x 459, 460 (11th Cir. 2010).)

Accordingly, it is now **ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. 5) is **ADOPTED** and made a part of this Order for all purposes.

2. Bessent's Motion to Proceed In Forma Pauperis (Doc. 3) is **DENIED**.

3. Bessent's complaint (Doc. 1) is **DISMISSED** without prejudice.

4. Within twenty-one (21) days of this order—so by **February 14, 2023**—Bessent may file an amended complaint that complies with the pleading requirements set forth in the Federal Rules of Civil Procedure and that corrects the deficiencies identified above and in the Report and Recommendation. Should Bessent choose to file an amended complaint, he must either file a renewed motion to proceed in forma pauperis or pay the full filing fee. Failure to comply with these directives will result in dismissal of this case without further notice.

**ORDERED** in Tampa, Florida, on January 24, 2023.

Kathryn Kimball Mizelle
United States District Judge